164 So. 244

DEBLIEUX v. TRAVELERS' INS. CO.

SAME v. TRAVELERS' INS. CO.

Nos. 33499, 33500.

Nov. 4, 1935.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Stephens & Gahagan, of Natchitoches, for appellees.

ODOM, Justice.

These cases are consolidated for the purpose of this motion. We are asked to dismiss these appeals on the ground:

"That the notes of evidence are incorrect in that the court reporter incorrectly took and incorrectly transcribed the testimony of witnesses, and particularly that of Dr. M. H. Phelps, as will be shown by his affidavit on file in the record in this cause. That this court can not pass on the merits of the cause unless the record was complete and correct and that if the testimony is not correctly shown in the record it is impossible for the court to properly determine the issues."

At page 68 of the testimony, as transcribed and sent up by the court reporter, it appears that Dr. Phelps, a witness for plaintiff, was asked:

"With the condition he (referring to the deceased, who was insured by defendant) was in with lukemia, there was no immediate prospect of death from that cause?"

According to the record Dr. Phelps answered:

"I would not say there was no immediate prospect."

Counsel for appellee say that the court reporter incorrectly took and transcribed Dr. Phelps' answer; that Dr. Phelps said in answer to the above question:

"I would say there was no immediate prospect."

In support of their application, counsel attach the affidavit of Dr. Phelps, in which he says that the court reporter erred in transcribing his answer; that what he said in answer to the above question was this:

"I would say there was no immediate prospect."

Prior to the date on which this motion to dismiss was filed, appellee applied to this court for a writ of certiorari addressed to the clerk of court commanding him to "amend and complete the transcript of appeal filed in this case by correcting the testimony of Dr. M. H. Phelps." In their application for the writ they referred to the same testimony as that referred to in this motion to dismiss. Counsel for appellant filed written opposition to the granting of the writ, alleging that the testimony was correctly reported. He supported his opposition by his own affidavit and the affidavit of a physician who was also a witness and heard the testimony of Dr. Phelps. These affidavits set out that Dr. Phelps' testimony is reported exactly as he gave it.

We refused to grant the writ for the following reason:

"Under these circumstances we have no authority to assume that the court stenographer did not perform his duty faithfully and correctly or to order him to change the record of the testimony."

This is sufficient ground for refusing to dismiss these appeals. These motions to dismiss the appeals are denied.